**No. 50442.**—Protest 961673–G of Great Lakes Foundry Sand Co. (Rochester).

Opinion by KEEFE, J. At the trial the witness for the plaintiff testified that he purchased the merchandise in question from the Canadian shipper, acting for the Great Lakes Foundry Sand Co., who paid for the merchandise in question; that the company has customers in various parts of the country and instructions were given the shippers to ship the material direct to the customers, but the Great Lakes Foundry Sand Co. retained ownership and control of the merchandise until it was delivered to the customer; that said company paid all of the duties, said duties being forwarded to V. J. Cronin, its customhouse broker; and that there was no difference in ordering, purchasing, importing, and shipping the merchandise concerning which the broker neglected to note on the entries the actual owner of the merchandise than the merchandise wherein the owner was noted on the entries. Plaintiff conceded that the owner's declarations, customs Form 3347, as provided for in section 485 (d), were not filed with any of these entries by the plaintiff. Plaintiff contended that it having been established that it was the owner of the merchandise at the time of entry and that it paid the duties, it was the proper party plaintiff. Government contended that the plaintiff was not the proper party because no owner's declarations were filed in accordance with section 485 (d) and moved to dismiss the protest. Section 485 (d) pertains to the liability for payment of additional or increased duties, and if an owner's

declaration is filed within a stated period, a consignee is relieved from payment of such duties. The court held that said section is a protection and safeguard afforded persons or firms who are in the business of entering merchandise for various importers and that Congress did not insert the provision to act as a "catch" for unwary importers in order to deprive them of the right of redress against illegally collected duties, nor did it intend that the collector should so use it. It was further held that if the party plaintiff established that it was the importer, consignee, or agent of the person paying the charge or exaction complained about, under the law, it was the proper party plaintiff. The Government's contention was therefore found untenable, and the motion to dismiss the protest, except as to entry 1253, was denied. In view of the holding in C. D. 685 and Abstract 49223, *supra*, judgment was entered in favor of the plaintiff as to the merchandise covered by all the entries, except entry 1253, and the collector was directed to reliquidate the entries free of duty under paragraph 1775, Tariff Act of 1930, and make refund of duty accordingly.